Entered: November 23rd, 2026

Signed: November 23rd, 2026

**SO ORDERED**

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF MARYLAND**
**BALTIMORE DIVISION**

IN RE:
James Micklos
Debtor

Case No. 25-21703-DER

Chapter 13

NewRez LLC as servicer for Deutsche Bank National Trust Company, as Trustee for GSRPM Mortgage Loan Trust 2007-1 Mortgage Pass-Through Certificates, Series 2007-1
Movant

MFR ECF No. 40

vs.

James Micklos
DEBTOR

**CONSENT ORDER MODIFYING AUTOMATIC STAY ON REAL PROPERTY LOCATED AT:**
**639 SAVAGE STREET, BALTIMORE, MD 21224**

NewRez LLC as servicer for Deutsche Bank National Trust Company, as Trustee for GSRPM Mortgage Loan Trust 2007-1 Mortgage Pass-Through Certificates, Series 2007-1 (hereinafter "Movant") and James Micklos (hereinafter "Debtor") each by and through counsel,

reached an agreement in this matter, as follows. No other parties-in-interest has filed a response to the motion for relief from stay and consequently does not object to the relief requested.

WHEREAS the parties stipulate that the total post-petition amount due under this Order is as follows:

| | |
|---|---|
| May1, 2026 through November1, 2026 Post-Petition Payments of $618.05 each | $4,326.35 |
| Suspense Balance | ($227.79) |
| MFR Legal Fee | $1,350.00 |
| MFR Filing Cost | $199.00 |
| Total: | $5,647.56 |

The parties further stipulate that Movant is a secured creditor of the Debtor and Movant's claim is based upon a certain promissory note ("Note") dated June 15, 2006, and repayment under the Note is secured by a Deed of Trust recorded among the land records of Baltimore City, Maryland.

Upon review of the Motion for Relief from Automatic Stay (ECF No. 40) filed herein by Movant, it is hereby,

ORDERED that the automatic stay is MODIFIED, pursuant to 11 U.S.C. § 362(d) to permit Movant to initiate action with regard to the property located at **639 SAVAGE STREET, BALTIMORE, MD 21224** (the "Property"), including but not limited to the commencement or continuation of foreclosure proceedings as permitted by state law and pursuant to the terms of the Deed of Trust, to obtain or transfer title to the Property, and to allow the successful purchaser to take action permitted by state law to obtain possession of same; and it is further,

ORDERED that the above order is STAYED, provided the Debtor:

1. Makes the regular monthly payment of $618.05 on or before December 1, 2026, and on the 1st day of each month thereafter, as they become due, pursuant to the terms of the Note or

any past or future loan modification agreement secured by the Deed of Trust on the Property; and,

2. Makes a payment to Movant in the amount of $627.50 (said figure represents 1/9th of Debtor's post-petition arrearage of $5,647.56) on or December15, 2026, and continues making payments of $627.50, on or before the 15th day of each month and every month thereafter, including a final payment due on or before August 15, 2027 in the amount of $627.56; and, it is further,

ORDERED that all payments required under this Order shall be made payable to:

Shellpoint Mortgage Servicing
P O Box 650840
Dallas, TX 75265-0840

ORDERED that if any payment or portion of any payment required to be made hereunder is not received by Movant by the date that it is due, including any payment due on or after December 1, 2026, the Debtor shall be deemed to be in default under this Order. In such event, Movant's attorney shall file a Notice of Default with this Court stating the amount due and shall mail a copy of said notice to the Debtor and to Debtor's attorney. If the Debtor does not (i) cure the default by paying the amount stated in the notice, or (ii) file an objection stating such specific reasons and request a hearing thereon, within fifteen (15) days of the date of the notice, the automatic stay of 11 U.S.C. § 362(a) shall terminate without any further proceeding in this Court and Movant shall be free to initiate action against the Property, including, but not limited to, commencement of foreclosure action. In the event the Debtor files an opposition to the Notice on or before fifteen (15) days of the Notice of Default, the stay shall remain in effect until the dispute is adjudicated; and it is further,

ORDERED that any cure of the Notice of Default must include all amounts set forth therein, as well as any payments which may have subsequently become due under the terms of this Order and that are due at the time Debtor tenders funds to cure the default; and it is further,

ORDERED that the acceptance of partial payment by the Movant during the cure period shall not constitute satisfaction or waiver of the Notice of Default and the automatic stay shall terminate upon the expiration of the fifteen (15) day cure period in the absence of complete cure of the default, notwithstanding partial payment; and it is further,

ORDERED that in the event Debtor defaults pursuant to the terms contained herein, the Movant shall be entitled to reasonable attorney fees for issuance of each Notice of Default, and any additional fees for the issuance of a subsequent Notice of Termination of Automatic Stay; and it is further,

ORDERED that upon the filing of the third such notice of default, the automatic stay shall immediately terminate without further opportunity to cure and Movant shall be free to initiate action against the Property, including but not limited to commencement of foreclosure proceedings; and it is further,

ORDERED that in the event Debtor converts this case to a case under Chapter 7 of the U.S. Bankruptcy Code, the automatic stay provided for under § 362(a) and 1301 shall be terminated as to the Debtor's interests and the bankruptcy estate's interest, effective the date of conversion without any further proceeding in this Court; and it is further,

ORDERED that the provisions set forth in this Order shall apply to any subsequent assignee of the Movant and/or their successors in interest; and it is further,

ORDERED that if the holder of any other Deed of Trust on the Property obtains relief from the automatic stay, then the Movant herein shall automatically be granted relief from the automatic stay; and it is further,

[signatures on following page]

**SEEN AND AGREED:**

*/s/Hugh Andrew Smith*
Hugh Andrew Smith, MDBN 2305170002
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
(404) 474-7149
hsmith@mtglaw.com
Counsel for Movant

*/s/*
David I. Steinberg
8630 Fenton Street
Ste. 320
Silver Spring, MD 20910
Debtor Attorney

**CERTIFICATION OF DEBTOR'S ATTORNEY**

I HEREBY CERTIFY that I approve of the foregoing Consent Order Modifying Automatic Stay and that its terms have been provided to the Debtor, who consents to the terms provided therein.

*/s/*
David I. Steinberg
*Counsel for Debtor*

**CERTIFICATION OF CONSENT**

I HEREBY CERTIFY that the terms of the Consent Order Modifying Automatic Stay submitted to the Court are identical to those set forth in the original; and the signatures represented by the _/s/ Hugh Andrew Smith,_ on this copy references the signatures of the consenting parties on the original consent order.

_/s/ Hugh Andrew Smith,_
Hugh Andrew Smith,
*Counsel for Movant*

cc:

Hugh Andrew Smith, MDBN 2305170002
McMichael Taylor Gray, LLC
3550 Engineering Drive, Suite 260
Peachtree Corners, GA 30092
(404) 474-7149
hsmith@mtglaw.com
Counsel for Movant

*James Micklos*
*639 Savage Street*
*Baltimore, MD 21224*
*Debtor*

*David I. Steinberg*
*8630 Fenton Street*
*Ste. 320*
*Silver Spring, MD 20910*
*Debtor Attorney*

*Rebecca A. Herr*
*Chapter 13 Trustee*
*185 Admiral Cochrane Dr.*
*Suite 240*
*Annapolis, MD 21401*
*CH 13 Trustee*

**END OF ORDER**